ADAM I. GAFNI, Cal. Bar No. 230045
WOOLF GAFNI & FOWLER LLP
10850 Wilshire Blvd., Suite 510
Los Angeles, CA 90024
Tel: (310) 474-8776
Fax: (310) 919-3037
E-mail: adam.gafni@wgfllp.com

Attorneys for Plaintiff,
VINCENT TYLOR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SCOTT TYLOR, an Individual,<br><br>PLAINTIFF,<br><br>VS.<br><br>ANDERSON ANDERSON, INC. dba ANDERSON ANDERSON ARCHITECTURE; and DOES 1 – 10, inclusive,<br><br>DEFENDANTS. | **Case No.**<br><br>**VINCENT SCOTT TYLOR'S COMPLAINT FOR COPYRIGHT INFRINGEMENT AND SECONDARY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Vincent Scott Tylor ("Plaintiff") alleges:

**<u>THE PARTIES</u>**

1. Plaintiff Vincent Scott Tylor ("Mr. Tylor" or "Plaintiff") is a resident of the State of Hawaii and an acclaimed photographer specializing in landscapes of Hawaii. Mr. Tylor's photographs are copyrighted images.

///

2. Plaintiff is informed and believes and based thereon alleges that Defendant ANDERSON ANDERSON, INC. is a California Corporation that does business as ANDERSON ANDERSON ARCHITECTURE ("Anderson" or "Defendant"). Plaintiff is informed and believes that Anderson is an architecture firm with its principal place of business and headquarters located in San Francisco, California.

## JURISDICTION AND VENUE

3. ***Subject Matter Jurisdiction.*** This action arises under the Copyright Act, 17 U.S.C. sections 101 *et seq*. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. sections 1331 and 1338(a).

4. ***Personal Jurisdiction.*** Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because for years and continuing to the date of this Complaint Defendants operate commercial businesses headquartered within this judicial district and/or through which Defendants knowingly, systematically, and continuously transact business and enter into contracts on an ongoing basis with and provide services to individuals or companies in California, including within this judicial district; and, Defendants have engaged in intentional acts that willfully infringed or assisted in the infringement of Plaintiff's copyrights within California and this district.

5. ***Venue.*** Plaintiff is informed and believes that venue is proper in this Court pursuant to 28 U.S.C. Section 1391 (b), (c), (d) and Section 1400(a) in that in that Defendants reside within this District, and a substantial part of the events giving rise to the claims occurred in this District, including having engaged in at least some the acts of copyright infringement within this judicial district.

6. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent

contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe defendants and the known Defendants are referred to collectively as "Defendants."

7. Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiff is informed and believes that at some unknown time, the Defendants, or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## INTRADISTRICT ASSIGNMENT

8. fPursuant to Civil Local Rule 3-2(c), assignment to the San Francisco Division is appropriate because Plaintiff is informed and believes that:

a. A substantial part of the events that gave rise to the Plaintiff's claims occurred in San Francisco, California, where Defendant Anderson Anderson, Inc. is located; and,

b. Material documents and witnesses are located within San Francisco, California.

## GENERAL ALLEGATIONS

9. Plaintiff is a photographer. Plaintiff created the photograph registered with the United States Copyright Office, Reg. No. ST-

VA0001761524-CHINAMANS HAT02 (“Photograph.”). The Photograph consists of material original with Plaintiff and is copyrightable subject matter. Plaintiff is the owner of all rights, title, and interest in the Photograph.

10. Plaintiff registered the copyright for the Photograph and been issued a Certificate of Registration. Plaintiff registered the copyright for the Photograph effective February 8, 2011.

11. Plaintiff is informed and believes that in and around 2009, without permission of Plaintiff, and unbeknownst to Plaintiff, Anderson unlawfully downloaded a copy of the Photograph to use as the background in architectural plans, of which Plaintiff has identified one to date entitled Energy Neutral Modular Classroom (“ENMG Plans”). Plaintiff is informed and believes that at all relevant times Anderson had actual and constructive knowledge that it lacked the right or license to make use, copy, display, and distribute the image in the manner alleged herein. Plaintiff is informed and believes that at the time Anderson downloaded, used, and copied the Photograph onto the Anderson system and since, Anderson did not obtain ***any*** license to use the image commercially and had no basis to believe that the Photograph downloaded was with permission of the copyright holder or could be used commercially by Anderson in the manner used by Anderson.

12. Plaintiff is informed and believes that Anderson with the purpose of marketing itself and obtaining profit distributed, copied, and used the Photograph in the ENMG Plans and subsequently intentionally induced and contributed to third-party direct infringement of the Photograph by providing copies of Photograph (through the ENMG Plans and rendering) to others, consenting to the display and copy of the Photograph contained within the ENMG Plans by others on at least the sites mentioned herein, and otherwise requested or induced others to view or download infringing images when they view the ENMG Plans or renderings containing the Photograph on third-party sites.

13. Plaintiff is informed and believes that since Anderson downloaded the image during the time period before and continuing after Plaintiff registered the Photograph and without permission, ANDERSON has repeatedly unlawfully used, copied, displayed, and disseminated the Photograph as part of architectural plans, presentations, and in marketing materials without the permission of Plaintiff, including but not limited to:

a. Displaying the photograph as part of the ENMG Plans and the ANDERSON generated marketing materials;

b. Presenting and submitting Photographs that are part of the ENMG Plans to the Holcim Foundation for competition in a design contest where the object of the competition was to obtain significant prize money, further contracts for architectural work, and marketing;

c. Distributing, consenting to, encouraging, and otherwise substantially contributing to direct infringement by others occurring both before and after the date of copyright registration by the display of the Photograph contained in the ENMG plans on third-party websites.

14. Beyond Anderson's direct infringements, Plaintiff is informed and believes additional direct infringements of the Photograph were intentionally and knowingly encouraged, induced, and/or materially contributed to by Anderson: Autodesk, Inc. unlawfully displaying and using the Photograph as part of the ENMG plans to market Autodesk capacities and Anderson in and around 2012, but beginning at time currently unknown to Plaintiff on the website: http://sustainabilityworkshop.autodesk.com/project-gallery/anderson-anderson-net-zero-energy-classroom. Plaintiff is informed and believes that in and around February 2012, ANDERSON affirmatively directed persons to the Autodesk site to view the ENMG plans and thereby further contributed to additional direct infringements by persons viewing the Photograph or downloading the image when viewed. Plaintiff is informed and believes that the link has been "liked" or

"tweeted" through Facebook and Twitter respectively resulting in further and additional infringements. Plaintiff is unaware when the infringement by Autodesk commenced.

15. Plaintiff undertakes reasonable efforts to protect his copyright in the infringing images. Despite the exercise of reasonable diligence with respect to the protection of and enforcement of Plaintiff's copyright, Plaintiff was ignorant of the infringements alleged herein and facts giving rise to the claims alleged herein until in and around 2012 when Plaintiff first learned of any of the infringements alleged herein and undertook further investigation of Anderson's infringing activity. Upon learning of the infringements, in and around October 2012, Plaintiff's counsel sent Anderson a demand to cease and desist the infringements and for assistance in locating and removing further infringements. Despite said demand, infringements on third-party sites continued.

16. Plaintiff is informed and believes that as a result of Anderson and Defendants infringements, Plaintiff has suffered actual damages and Defendants have reaped substantial benefits, notoriety, and monetary gain.

**First Claim for Relief for Copyright Infringement**

**(Against All Defendants)**

17. Plaintiff re-alleges paragraph 1 through 16 and incorporates such paragraphs by reference.

18. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 *et seq*. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photograph. (17 U.S.C. §106(1), (3), and (5).)

19. Plaintiff is informed and believes that Anderson and Defendants Does 1 – 10 unlawfully downloaded, copied, displayed, distributed, uploaded, and used Plaintiff's Photograph. Plaintiff is informed and believes that at all times actually known to Defendants and/or constructively known that said

conduct was without right and in violation of Plaintiff's copyright.

20. Within the last three years (actually in and around 2012), Plaintiff discovered that Defendants, without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photograph, (2) distributed, made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Photographs, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photograph in the manner described above.

21. Plaintiff is informed and believes that Defendants enabled, induced, facilitated, and/or materially contributed to each act of infringement by other direct infringers. Defendants' conduct constitutes contributory infringement of Plaintiff's copyrights and exclusive rights under copyright law in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. sections 106 and 501.

22. As to Autodesk, Inc., and other parties displaying, copying, and distributing the Photograph, including Does 1-10, such conduct constitutes direct infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. sections 106 and 501.

23. Plaintiff is informed and believes that Defendants' acts of infringement were ongoing, willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that Defendants knew or recklessly failed to know that they did not have the right to use the Photograph in the manner in which they used the Photograph. Plaintiff is informed and believes that in doing the conduct herein alleged, Defendants have knowingly engaged and continue to engage in the business of inducing, causing, and/or materially contributing to the unauthorized reproduction, public display, and/or distribution of copies of the Photograph.

24. Plaintiff is informed and believes that Defendants actions are reckless as defendants have consistently shown lack of regard for complying with various legal obligations, including, but not limited to removing or disabling infringing activities upon knowledge thereof. Plaintiff is informed and believes that Defendants have failed and continue to fail to take simple measures available to it to ensure that infringing activities were removed or access to the images disabled.

25. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged, and Plaintiff is entitled to his actual damages and Defendants' profits pursuant to 17 U.S.C. section 504(b).

26. Discovery and investigation is still ongoing as to the nature and time of certain of the direct infringements alleged herein. Plaintiff will amend this complaint to seek statutory damages and attorneys fees to the extent allowed by statute if and when such information is obtained.

27. Plaintiff is informed and believes that the conduct alleged herein was willful.

**WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:**

1. For Plaintiff's actual damages and Defendants' profits attributable to the infringement(s) to the extent allowed by law, including 17 U.S.C. section 504(b).
2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct.
3. For prejudgment interest.
4. For costs of suit (other than attorneys' fees).
5. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

b. the seizure of all property made in, or used to assist in the, violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photographs; and

6. For such other and further relief as this Court deems just and appropriate

Dated: October 29, 2013 WOOLF GAFNI & FOWLER LLP

By: /s/ Adam I. Gafni

Adam I. Gafni
Attorney For Plaintiff
VINCENT SCOTT TYLOR

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial in this case.

Dated: October 29, 2013 WOOLF GAFNI & FOWLER LLP

By: /s/ Adam I. Gafni

Adam I. Gafni
Attorneys For Plaintiff
VINCENT SCOTT TYLOR