JON A. HEABERLIN (SBN 199810)
RANKIN | STOCK | HEABERLIN
96 North Third St., Suite 500
San Jose, CA 95112-7709
Telephone: (408) 293-0463
Facsimile: (408) 293-9514
Email: jheaberlin@rllss.com

Attorneys for Defendant
ANDERSON ANDERSON, INC. (sued as
ANDERSON ANDERSON, INC.,
D.B.A. ANDERSON ARCHITECTURE)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINCENT SCOTT TYLOR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ANDERSON ANDERSON, INC., D.B.A. ANDERSON ARCHITECTURE; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 3-13-cv-05054-SC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)**<br><br>**Date: April 18, 2014**<br>**Time: 10:00 a.m.**<br>**Judge: Samuel Conti**<br>**Dept: Courtroom 1, 17th Floor** |

Pursuant to Federal Rule of Evidence 201(d) and Reyn's Pasta Bella, LLC v. VISA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006), Defendant requests the Court take judicial notice of the Counterclaim in Hawaiian Art Network and Vincent K. Tylor v. Aloha Plastic Surgery, LLC, et al., U.S. District Court for the District Court of Hawaii, Case No. 1:11-cv-00722-JMS-KSC., a copy of which is attached as Exhibit "A".

DATED: March 6, 2014

By: __________/s/_______________
Jon Heaberlin
Attorney for Defendant

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN ART NETWORK, LLC, a Hawai'i limited liability company, and VINCENT K. TYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>ALOHA PLASTIC SURGERY, LLC; a Hawai'i limited liability company; MICHAEL ANTHONY PASQUALE, an individual; AIMIYO INTERNATIONAL, LTD., a foreign corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO. CV 11-00722 JMS KSC (Copyright Infringement; Digital Millennium Copyright Act Violation)<br><br>COUNTERCLAIM |

## COUNTERCLAIM

Counterclaimants **ALOHA PLASTIC SURGERY, LLC** and **MICHAEL ANTHONY PASQUALE**, by and through their undersigned counsel, and for a Counterclaim against the above-named Counterclaim Defendants HAWAIIAN ART NETWORK, LLC and VINCENT K. TYLOR, alleges and avers as follows:

## I. PARTIES

1. Counterclaimant ALOHA PLASTIC SURGERY, LLC ("Aloha") is and was at all times relevant a limited liability company organized under the laws of the State of Hawaii and doing business within the State of Hawaii.

2. Counterclaimant MICHAEL ANTHONY PASQUALE ("Pasquale") is and was at all times relevant a resident of the State of Hawaii.

3. Counterclaim Defendant HAWAIIAN ART NETWORK, LLC ("Network") is and was at all times relevant a domestic profit limited liability company organized under the laws of the State of Hawaii and doing business within the State of Hawaii.

4. Counterclaim Defendant VINCENT K. TYLOR ("Tylor") is and was at all times relevant a resident of the State of Hawaii.

5. DOE DEFENDANTS 1-50 are sued herein under fictitious names for the reason that despite diligent and good faith efforts to obtain information, their true names and identities are presently unknown to Counterclaimants, except that they are or were connected in some manner with the other parties to this action, or in some manner presently unknown to Counterclaimants are or were engaged in the activities alleged and/or were in some manner responsible for the injuries and/or damage to Counterclaimants and/or in some manner are or may be related to and jointly liable with one or more of the other parties to this action. Counsel for Counterclaimants has diligently attempted to discover the identities of these defendants by reviewing documents from Counterclaimants and communicating with Counterclaimants. The identities may be disclosed by discovery and Counterclaimants reserve the right to identity Doe Defendants at that time.

II. JURISDICTION

6. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, for the purpose of determining a question of actual controversy between Counterclaimants and Counterclaim Defendants.

7. This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§1331 and 1338 in that this action arises under the Copyright Laws of the United States, Title 17, United States Code.

8. Venue is satisfied by the presence of Counterclaim Defendants in this judicial district.

III. FACTS

9. The averments of the Answer to the Complaint, including the affirmative defenses thereto, are incorporated herein by reference. More specifically:

(a) Aloha and Pasquale are informed and believe that Tylor and Network at various times took photographs, which are the subject matter of a complaint;

(b) Aloha and Pasquale are informed and believe that at various times after the taking of such photographs, Tylor and Network published those photographs, directly or indirectly, on the internet with an invitation for the public at large to freely copy and use them;

(c) Aloha and Pasquale obtained copies of the free photographs being offered on the internet which were used in the build-out of Aloha's proposed website;

(d) Aloha and Pasquale are informed and believe and therefore allege that the actions of Network and Tylor in publishing his photographs on the

Internet prior to the filing of this lawsuit, and offering them for free use was part of an elaborate scheme to scam people who saw the photographs and used them pursuant to the invitation to use by Network and Tylor so that they could extort money out of people who did what Network and Tylor had advised them to do;

(e) Aloha and Pasquale at no time even published to the public any website containing said photographs, but it was rather simply in the process of build-out. Aloha and Pasquale are further informed and believe that Network as part of its scheme and scam, put illegal webcrawlers into the data files of the photographs that it published for free copying on the internet so that they could track the identity of every mom-and-pop that downloaded one of the photographs that Tylor and Network have invited them to download and use;

(f) Aloha and Pasquale at no time deleted any names from the photographs which were viewed, nor the photographs which were downloaded and which are the subject matter of this lawsuit;

(g) The actions of Tylor and Network as described was done maliciously, fraudulently, and as part of a scheme to abuse process for profit;

(h) Aloha and Pasquale's use of the photographs were at a minimum fair use and done pursuant to invitation by Tylor, Network, and/or their agents and co-conspirators;

(i) Aloha and Pasquale immediately stopped use of the photographs once they were notified of the claims of right by Tylor and Network; and

(j) Aloha and Pasquale are further informed and believe that Network and Tylor have been conducting this scam as described with tens of other people throughout the United States, and that has been done maliciously, fraudulently, and for profit.

10. In light of the actual controversy existing between Counterclaimants and Counterclaim Defendants by virtue of the Complaint filed by Counterclaim Defendants, Counterclaimants are entitled to a judgment declaring that the use, if any, of the photographs in question was fair use within the meaning of the copyright law.

11. In committing the above acts and omissions, Network, Tylor, and their agents and representatives acted wantonly and/or oppressively and/or with such malice as implies a spirit of mischief or criminal indifference to civil obligations and/or with that entire want of care which would raise the presumption of a conscious indifference to consequences, justifying an award of punitive damages.

12. Network and Tylor are liable to Counterclaimants for punitive damages in an amount to be proven at trial.

## IV. CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT

13. Counterclaimants reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 12 above as if said paragraphs were fully set forth herein.

14. Pursuant to 28 U.S.C. §§ 2201 and 2202, in light of the actual case and controversy existing between Network and Tylor, on the one hand, and Aloha and Pasquale on the other hand, by virtue of the Complaint filed by Network and Tylor, Counterclaimants are entitled to a judgment declaring that:

a. the use, if any, of the photographs in question was fair use within the meaning of the copyright law;

b. that Aloha and Pasquale did not infringe on any legitimate copyright interest of Network and/or Tylor;

c. that Network and/or Tylor are estopped from asserting any copyright interest because of their actions;

d. that Network and/or Tylor are found guilty of laches and therefore barred from relief;

e. that the actions of Network and/or Tylor were inequitable and therefore Network and/or Tylor are barred from relief of any type;

f. that Network and/or Tylor are guilty of such gross misconduct that they are liable for attorneys' fees and costs;

g. that Network and/or Tylor's actions are found to be in violation of Rule 11 and 28 U.S.C. § 1927; and

h. that Counterclaimants be awarded their damages according to proof.

## COUNT II
## VIOLATIONS OF H.R.S. CHAPTER 480

15. Counterclaimants reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 14 above as if said paragraphs were fully set forth herein.

16. Counterclaimants are a "consumer" and "person" as those terms are defined in Hawaii Revised Statutes ("HRS") Chapter 480-1, and the described acts and practices involved "trade or commerce," as that term is defined in H.R.S. § 480-2 (a).

17. An unfair or deceptive act or practice (hereinafter referred to as "UDAP") in the conduct of any trade or commerce is unlawful, pursuant to H.R.S. § 480-2(a).

18. Counterclaim Defendants have engaged in UDAPs that violate H.R.S. § 480-2 (a), including but not limited to:

a. Offering to the public the photographs on the Internet for free use to scam people who saw the photographs and used them pursuant to the invitation to use by Network and Tylor so that they could extort money out of people who did what Network and Tylor had advised them to do;

b. On information and belief, Network as part of its scheme and scam, put illegal webcrawlers into the data files of the photographs that it published for free copying on the internet so that they could track the identity of every mom-and-pop that downloaded one of the photographs that Tylor and Network have invited them to download and use; and

c. The actions of Tylor and Network as described was done maliciously, fraudulently, and as part of a scheme to abuse process for profit.

19. The conduct described in the above paragraphs caused Counterclaimants to suffer injury to their property.

20. Pursuant to H.R.S. § 480-13, a consumer who is injured by a UDAP is entitled, for each UDAP, to be awarded a sum not less than $1,000 or threefold any damages sustained, whichever sum is the greater, and reasonable attorney's fees together with the costs of suit.

21. Pursuant to H.R.S. § 480-13 (b)(2), a consumer who is injured by a UDAP may bring proceedings to enjoin the unlawful practices.

22. By doing the above described act, Counterclaim Defendants and others violated Hawaii Revised Statutes Chapter 480 by engaging in unfair trade acts and practices and/or other wrongful and/or intentional conduct in violation of HRS Chapter 480.

23. As a direct and proximate result of Counterclaim Defendants' actions, Counterclaimants have suffered irreparable and pecuniary damages in an amount to be shown at trial.

## V. PRAYER FOR RELIEF

WHEREFORE, Counterclaimants ask that the Court enter an order against Counterclaim Defendants as follows:

1. That Plaintiffs/Counterclaim Defendants take nothing by Plaintiffs' Complaint and that Defendants/Counterclaimants be awarded a judgment in their favor on the claims in Plaintiffs' Complaint;

2. That the Complaint be dismissed with prejudice;

3. That on Defendants/Counterclaimants' counterclaim for declaratory judgment, the Court declare:

   a. that Defendants/Counterclaimants did not infringe on any legitimate copyright interest of the Plaintiffs;

   b. that Plaintiffs/Counterclaim Defendants are estopped from asserting any copyright interest because of their actions;

   c. that Plaintiffs/Counterclaim Defendants are found guilty of laches and therefore barred from relief;

d. that the actions of Plaintiffs/Counterclaim Defendants were inequitable and therefore Plaintiffs/Counterclaim Defendants are barred from relief of any type;

e. that Plaintiffs/Counterclaim Defendants are guilty of such gross misconduct that they are liable for attorneys' fees and costs;

f. that Plaintiffs/Counterclaim Defendants' actions are found to be in violation of 28 U.S.C. § 1927; and

g. that Defendants/Counterclaimants be awarded their damages according to proof;

4. That Defendants/Counterclaimants be granted a preliminary and permanent injunction;

5. That Defendants/Counterclaimants be awarded their damages according to proof;

6. That the Court award Defendants/Counterclaimants their costs and expenses incurred herein, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Defendants/Counterclaimants be awarded punitive damages; and

8. That the Court award such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, July 10, 2012.

ROBIN MELCHOR
Attorney for Counterclaimants
ALOHA PLASTIC SURGERY, LLC and MICHAEL ANTHONY PASQUALE