JON A. HEABERLIN (SBN 199810)
RANKIN | STOCK | HEABERLIN
96 North Third St., Suite 500
San Jose, CA 95112-7709
Telephone: (408) 293-0463
Facsimile: (408) 293-9514
Email: jheaberlin@rllss.com

Attorneys for Defendant
ANDERSON ANDERSON, INC. (sued as
ANDERSON ANDERSON, INC.,
D.B.A. ANDERSON ARCHITECTURE)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINCENT SCOTT TYLOR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ANDERSON ANDERSON, INC., D.B.A. ANDERSON ARCHITECTURE; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 3-13-cv-05054-SC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)**<br><br>**Date: April 18, 2014**<br>**Time: 10:00 a.m.**<br>**Judge: Samuel Conti**<br>**Dept: Courtroom 1, 17th Floor** |

Defendant respectfully submits this Memorandum of Points and Authorities in Support of Defendant's Motion to Set Aside Entry of Default.

//

//

//

//

TABLE OF CONTENTS

I. INTRODUCTION .......... 4

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY .......... 4

III. ARGUMENT .......... 6

A. Plaintiff did not Properly Serve Defendant with the Lawsuit .......... 7

B. Even Assuming the January 9, 2014 Substitute Service Was Valid, the Default was Prematurely Taken .......... 8

C. Defendant's Delay in Responding to the Lawsuit was Not Culpable .......... 8

D. Defendant Has Meritorious Defenses to the Lawsuit .......... 9

E. Plaintiff Will Not Suffer Prejudice If Entry of Default Is Set Aside .......... 11

IV. CONCLUSION .......... 11

TABLE OF AUTHORITIES

**Cases**

*Audio Toys, Inc. v. Smart AV Pty Ltd.*, 2007 U.S. Dist. LEXIS 44078 (N.D. Cal. 2007) ........9,11

*Bateman v. United States Postal Service,* 231 F.3d 1220 (9th Cir. 2000) ................................ 11

*Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610 (C.D. Cal. 1995). ............................................ 6

*Cucci v. Edwards*, 510 F.Supp.2d 479, 482 (C.D. Cal. 2007)............................................... 8

*Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922 (9th Cir. 2004).. 6

*Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508 (9th Cir. 1986)....................................9

*Mason v. Genisco Technology Corp,* 960 F.2d 849, 851, 854 (9thCir. 1992)........................7

*Meadows v. Dominican Republic,* 817 F.2d 517 (9th Cir. 1987) .................................................. 8

*TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001) ...........................................8

*U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1092-1093 (9th Cir. 2010 .......................................................................9

**Statutes**

Fed. R. Civ. P. 4.......................................................................................................... 4

Fed. R. Civ. P. 4(h)(1)(A)........................................................................................ 7

Fed. R. Civ. P. 4(h)(1)(B)........................................................................................ 7

Fed. R. Civ. P. 55(c)........................................................................................................ 6,8,11

C.C.P. §415.20...............................................................................................................7

C.C.P. §415.20(a)...................................................................................... 7, 8

## I. INTRODUCTION

The Court should set aside entry of default against Defendant pursuant to Fed. R. Civ. P. 55(c) for three primary reasons: 1) Defendant was not properly served on January 9, 2014, 2) Even if the January 9, 2014 service was proper, the default was prematurely obtained, and 3) There is otherwise good cause for Defendant's delay in appearing in this action.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff, a photographer, filed his Complaint for *Copyright Infringement and Secondary Copyright Infringement* against Defendant on October 29, 2013. (Docket #1). Defendant is an architectural design firm. Plaintiff alleges that in 2009, Defendant unlawfully downloaded a copyrightable photograph of Plaintiff's. (Docket #1, p.3:27-4:19). Plaintiff claims he registered the copyright effective February 8, 2011. (Docket #1, p.4:4-6).

According to the *Proof of Service* on file with this Court, Defendant was purportedly served under Federal Rule of Civil Procedure 4 on January 9, 2014, at 12:30 p.m. (Docket #7). However, and as will be articulated in further detail, Defendant's service was not proper. On January 31, 2014, Defendant filed a *Request to Continue Initial Case Management Conference*. (Docket #11). In that *Request*, Defendant indicated that it had not yet been formally served, and was otherwise waiting on coverage determinations by its insurance carriers. (Docket #11, p.1:28-2:11). Plaintiff filed a *Request for Entry of Default* on February 3, 2014. (Docket #14). Default was entered on February 6, 2014.

Defendant became aware of the lawsuit on November 5, 2013, when Peter Anderson received a telephone solicitation for legal defense services from a Southern California based attorney. (Declaration of Peter Anderson ¶ 4). On November 19, 2013 Defendant submitted a claim to its insurance brokers and asked for a defense. (Declaration of Peter Anderson ¶ 4). However, Defendant could not obtain a coverage determination. (Declaration of Peter Anderson ¶ 4). To date, Anderson still has not obtained a

determination from one of the carriers. The other has denied coverage. (Declaration of Peter Anderson ¶ 4).

Defendant spoke with Plaintiff's attorney, Adam Gafni, by phone on January 16, 2014. Plaintiff's attorney stated that he thought service had been made some days earlier. Anderson informed him that Defendant had not been served. (Declaration of Peter Anderson ¶ 5). As of that time, Plaintiff had not filed a *Proof of Service*.

Defendant thereafter followed up with its insurance brokers, and prepared a detailed timeline and copies of documents at their request. (Declaration of Peter Anderson ¶ 6). Anderson was told that it may take 30 or more days for its carriers to determine coverage. Peter Anderson spoke to Defendant's General Liability carrier representative with concern about timelines and Plaintiff's attorney's claim that service had been made. Peter Anderson requested that his carrier provide at least a minimal representation during their review period to request an extension from the Court, if necessary, to be sure that no deadlines were missed. (Declaration of Peter Anderson ¶ 6). The carrier agreed to try to attempt to do this. Anderson contacted Defendant's insurance brokers to inform them of this statement, and asked them to follow up with the carrier and be sure it was done. (Declaration of Peter Anderson ¶ 6).

Not having heard anything definitive from any of his insurers, on January 31, 2014, Defendant filed the *Request to Continue Initial Case Management Conference*. (Docket #11). Again, in that *Request*, Defendant indicated that it had not yet been formally served, and was otherwise waiting on coverage determinations by its insurance carriers. (Docket #11, p.1:28-2:11). At that time, Plaintiff still had not filed his *Proof of Service* (Docket #7), even though service had purportedly occurred 22 days before. Accordingly, Defendant was still unaware of what the exact date of the attempted substitute service allegedly occurred, and consequently, what date a responsive pleading would be due (assuming service was proper).

Beyond the service issue, Defendant has substantive defenses to this lawsuit. Since the alleged act in the Complaint occurred in 2009, more than a year before the image was copyrighted, Plaintiff's claims could be barred, or any damages therefore significantly limited. Defendant ceased using the image immediately upon learning of the copyright claim. (Declaration of Peter Anderson ¶ 9).

Next, Defendant obtained the image from a website that purportedly contained "free" images, and Defendant questions whether Plaintiff may have known that. There are others in the same position as Defendant who have been targeted by a related Plaintiff in this way. (Declaration of Peter Anderson ¶ 10); see, e.g., Hawaiian Art Network and Vincent K. Tylor v. Aloha Plastic Surgery, LLC, et al., U.S. District Court for the District Court of Hawaii, Case No. 1:11-cv-00722-JMS-KSC. (Request for Judicial Notice, Exhibit "A").

## III. ARGUMENT

Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside upon a showing of good cause. Fed. R. Civ. P. 55(c). The Ninth Circuit's good cause standard for setting aside entry of default is the same as that for setting aside default judgment under Rule 60(b), but the test for setting aside entry of default is less rigid and is more generous to the party in default. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.,* 375 F.3d 922, 925 (9th Cir. 2004).

The Court considers three factors when deciding whether to set aside default: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside default would prejudice the plaintiff. *Id.* at 925-26. In addition, "[t]he law does not favor defaults," and "therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Bonita Packing Co. v. O'Sullivan,* 165 F.R.D. 610, 614 (C.D. Cal. 1995).

//

**A. Plaintiff did not Properly Serve Defendant with the Lawsuit.**

As a preliminary matter, the default should be set aside because service of the lawsuit on Defendant was not proper. (See *Mason v. Genisco Technology Corp,* 960 F.2d 849, 851, 854 (9thCir. 1992) (providing that default judgment is void where plaintiff to failed to serve summons and complaint properly).)

Here, Plaintiff's attempt at substitute service on January 9, 2014 was inadequate. Federal Rule of Civil Procedure 4(h) sets forth the methods to serve a corporate defendant. A party must serve a corporation under state law (FRCP 4(h)(1)(A)), or "by delivering a copy...to an officer, a managing or general agent, or any other agent authorized by appointment...to receive service of process." (FRCP 4(h)(1)(B)). Clearly the latter provision (FRCP 4(h)(1)(B)) was not satisfied as even the *Proof of Service* concedes that a young "intern" was served, not any officer or authorized agent for service of process. (Docket #7, see also, Declaration of Peter Anderson ¶ 8). The intern expressly told the process server he was not authorized to receive it, and refused to accept the papers. (Declaration of Peter Anderson ¶ 8).

Regarding the provision for service under state law (FRCP 4(h)(1)(A)), Plaintiff apparently is suggesting that Defendant was served by "substituted service." According to C.C.P. §415.20(a), service may be accomplished by leaving a copy of the summons and complaint, "with the person who is apparently in charge thereof." (C.C.P. §415.20(a)). Thereafter, the summons and complaint must be mailed by first-class mail. (C.C.P. §415.20). Again, Plaintiff left the Complaint with a 22-year-old intern, "John Doe." This intern was not in charge of anything with regard to the office. (Declaration of Peter Anderson ¶8). Finally, Defendant never received a copy of the Complaint in the mail. (Declaration of Peter Anderson ¶8). Accordingly, there was no valid subservice under state or Federal law.

//

### B. Even Assuming the January 9, 2014 Substitute Service was Valid, the Default was Prematurely Taken.

Even assuming that the January 9, 2014, substitute service was valid, the Default was still premature. When service is accomplished by substitute service, it is not deemed completed until 10 days elapses after the mailing (C.C.P. §415.20(a); see *Cucci v. Edwards*, 510 F.Supp.2d 479, 482 (C.D. Cal. 2007).) Therefore, the 21 days for Defendant to Answer shouldn't have started running until January 19, 2014, and Defendant's deadline to file a responsive pleading would not be until February 8, 2014. Plaintiff's *Request for Entry of Default* (Docket #14) was filed on February 3, 2014, and the resulting default occurred on February 6, 2013. Both were premature.

### C. Defendant's Delay in Responding to the Lawsuit was Not Culpable.

In the Ninth Circuit, analysis of "culpability" for the purposes of demonstrating "good cause" under Rule 55(c) overlaps with the standard for "excusable neglect" under Rule 60(b)(1). *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (questioned on other grounds); also see *Meadows v. Dominican Republic*, 817 F.2d 517, 522 (9th Cir. 1987) (finding that the conduct of defendants in district court was culpable because defendants were aware of federal law, and their intentional failure to respond to the action was not excusable neglect). The Ninth Circuit finds a negligent failure to respond excusable if the defaulting party offers a credible, good-faith explanation for the delay that negates "any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *Knoebber*, 244 F.3d at 697-98. Further, in analyzing culpability, the Court may consider a defendant's exigent personal matters, his mental state, and his lack of familiarity with legal matters. See *Id.* at 699 (finding defendant's delay in response not culpable because she was grieving the death of her husband and was not familiar with the legal system). It is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without demonstration that other equitable factors, such as prejudice, weigh heavily in

favor of a denial of the motion to set aside a default. (*U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092-1093 (9th Cir. 2010.)

While Defendant did not file a response with the Court in time based on the *Proof of Service* filed with the Court, Defendant's conduct was excusable because, for the reasons set forth above, service was not proper, and Defendant labored under that assumption. Defendant tendered the claim to its insurance companies as soon as the lawsuit was learned of, but could not get them to make a determination as to coverage. Prior to the entry of default, Defendant filed the *Request to Continue Initial Case Management Conference*. (Docket #11). In doing so, Defendant put the Plaintiff and Court on notice that it was contesting service and intended to defend the claims. Further, Plaintiff's counsel was on notice as of January 16, 2014 that Defendant was contesting service.

Defendant had no intent to gain an advantage over the opposing party or to delay legal proceedings. Defendant was genuinely contesting service and diligently attempting to secure counsel through its insurance. Although Defendant submits that Plaintiff has not been prejudiced at all, Defendant will submit to an expedited discovery and trial schedule plan in order to minimize any inconvenience that can be articulated by Plaintiff. As Defendant's delay in response was due to excusable neglect, the Court should find that Defendant's conduct was not culpable.

**D. Defendant Has Meritorious Defenses to the Lawsuit.**

A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). All that is required is an assertion of "a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage." *Audio Toys, Inc. v. Smart AV Pty Ltd.*, 2007 U.S. Dist. LEXIS 44078, *8 (N.D. Cal. June 6, 2007).

As discussed above, Defendant has meritorious defenses to this lawsuit, beyond the issues with service. First, there was arguably no copyright infringement as the alleged act in the Complaint occurred in 2009, more than a year before the image was copyrighted. Defendant ceased using the image immediately upon learning of the copyright claim. Even if Plaintiff were somehow able to prove a liability case, any damages award would be limited.

Next, Defendant can assert the defenses of waiver, estoppel and unclean hands to Plaintiff's copyright claim to the extent Plaintiff may have knowingly distributed to, and tolerated use of the image on "royalty free image download" websites as a way to induce people to use the images, so that Plaintiff could then claim copyright fees. For example, in Hawaiian Art Network and Vincent K. Tylor v. Aloha Plastic Surgery, LLC, et al., U.S. District Court for the District Court of Hawaii, Case No. 1:11-cv-00722-JMS-KSC, a Counterclaim was filed against a related Plaintiff, alleging that the related Plaintiff published photographs on the internet with an invitation for the public at large to freely copy and use them. (Request for Judicial Notice, Exhibit "A", p.3). In that Counterclaim, it was alleged that the plaintiff maintained an "elaborate scam to extort people" who saw and used the photographs. (Request for Judicial Notice, Exhibit "A", p.4).

Next, the use of the downloaded image was a fair use, as the image was only used in part as a component in a new creative work created by Anderson. Declaration of Peter Anderson ¶ 9). At the time Anderson downloaded the image and created the new creative work, the image was in the public domain. Anderson alleges legitimate claim and control of copyright of the new creative work.

If Defendant prevails on any of these defenses, the outcome would be contrary to the result achieved by default. Therefore, Defendant has set forth a meritorious defense and satisfies the second good cause factor.

**E. Plaintiff Will Not Suffer Prejudice If Entry of Default Is Set Aside.**

Prejudice is determined by whether a party will be hindered in pursuing its claim. See *Knoebber*, 244 F.3d at 701. The fact that a party may be denied a quick victory is not sufficient to deny relief from default judgment. *Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000). "The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Audio Toys*, 2007 U.S. Dist. LEXIS at *9.

Allowing the case to move forward on the merits after only a short delay should not prejudice Plaintiff's ability to litigate its case. The only prejudice that might result to Plaintiff by a denial of default judgment is that Plaintiff will not be able to ensure an easy victory. As no prejudice will result to Plaintiff in reopening this case, the third and final good cause factor is satisfied. Again, if the Court believes it is warranted, Defendant will submit to an expedited discovery and trial scheduling plan.

Defendant is ready and willing to litigate this lawsuit. Defendant's delay in responding was not culpable, Defendant has meritorious defenses, and Plaintiff will not suffer any prejudice in pursuing its claims if default is set aside. Therefore, Defendant has met the good cause standard of Rule 55(c) and this Court should set aside the entry of default against Defendant.

**IV. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's motion.

DATED: March 12, 2014

By: _______/s/_________________________
Jon Heaberlin
Attorney for Defendant